**Floyd D. BULLOCK et ux. and William Gary et ux., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 2554.**

United States District Court
E. D. Washington, N. D.

Dec. 14, 1964.

Delay & Curran, Spokane, Wash., for plaintiffs.

Frank R. Freeman, U. S. Atty., Spokane, Wash., for defendant.

POWELL, Chief Judge.

This is an action by the two plaintiffs for the sum of $1189.55. It is alleged that the action is brought under Title 28, U.S.C.A. § 1346(a) (1). It was decided when the pretrial order and the briefs of the parties were filed that the action is brought under Section 1346(a) (2). It is a contract proceeding under the Tucker Act.

The plaintiffs, Floyd D. Bullock and wife, and William Gary and wife, were on or about January 1, 1963 engaged in the business of rendering janitorial service under the name of B & G Janitorial Service. About that same time an individual named Frank F. Fletcher was engaged in performing janitorial serv-

ice under the name of Everclean Janitorial Service. A contract was awarded at Fairchild Air Force Base to Frank Fletcher to perform such services from January 1, 1963 through June 30, 1963 for a fixed sum.

About that time Frank Fletcher and plaintiffs entered into a written agreement purporting to assign the Fairchild contract to Bullock and Gary, dba B & G Janitorial Service. The purported assignment is as follows:

"

1 January 1963
Spokane, Washington

SUBJECT: Contract Release Agreement by Mr. Frank Fletcher

TO: To Whom It May Concern

On the 26th day of December 1962, Mr. Frank Fletcher, owner and operator of Everclean Janitoral Service, made the following agreement.

Releasing all rights, privileges and responsibility in association with contract now held with the Government, Fairchild Air Force Base, Washington. Contract being janitor service at the Base Hospital and Dental buildings, which commenced on the 1st day of January 1963.

Present contract and any future contracts for said buildings are hereby released by Mr. Frank Fletcher to B and G Janitoral Service, owned and operated by Mr. Floyd Bullock and Rev. William Gary.

Mr. Frank Fletcher will be responsible for all debts credited and/or other duties to Everclean Janitoral Service prior to 1 January 1963.

Wages for above services will continue in the name (only) of Everclean Janitoral Service, all rights of which have been released to B and G Janitoral Service; Mr. Floyd Bullock and Rev. William Gary, owners for duration of contract.

In agreement with:

s/ Floyd D. Bullock
———————————
Mr. Floyd Bullock

s/ Rev. William Gary
———————————
Rev. William Gary

Signed:

s/ Frank Fletcher
———————————
Mr. Frank Fletcher

Subscribed and sworn to before me this 7th day of February, 1963.

s/ A. W. Dolphin
———————————
Notary Public in and for the State of Washington, residing at Spokane "

Fletcher took the plaintiffs to the Base and talked to Mr. Sanford, the Procurement Officer. They talked about assignment of the contract or sub-contracting the work to the plaintiffs. They were advised by Mr. Sanford, according to the testimony of the witnesses, that the contract could not be assigned, that they would have to continue in the name of Frank Fletcher or the contract would be terminated and a new contract would be awarded. There was no assignment permitted. Unfortunately Mr. Sanford is unable to be present as a witness. He was killed in an automobile accident.

Subsequent to January 1, 1963 the plaintiffs did perform the services and called frequently at the office of Warrant Officer Grimm and Sgt. Rhodes in the hospital where the services were performed. They received instructions from the two individuals named who knew at all times that the plaintiffs were performing the services and that Mr. Frank Fletcher was not. It was understood by these parties, as shown by the testimony of Mr. Grimm, that Mr. Bullock was a supervisor or foreman for Frank Fletcher, dba Everclean Janitorial Service.

A copy of the assignment of the contract was never delivered to the Procurement Officer and was never delivered to anyone or discussed with anyone at Fairchild Air Force Base. At all times the vouchers were prepared and submitted in the name of Frank Fletcher, owner of Everclean Janitorial Service, by F. D. Bullock or "F. D. Bullock for Frank Fletcher." The checks were issued in the name of Frank Fletcher, were delivered to the plaintiff Bullock and/or Gary, were taken to Frank Fletcher, who in turn endorsed and delivered them back to the plaintiffs. They were then deposited in plaintiffs' bank accounts.

The expenses of the work were paid at all times from the plaintiff's bank account.

In early June 1963 Frank Fletcher was in default in the payment of items due the Internal Revenue Service and a lien was filed. This lien impounded money involved in this action as the money of Frank Fletcher.

This is not an action to secure the refund of taxes wrongfully exacted but is an action to recover monies claimed to be due to the plaintiffs and wrongfully withheld. The question that must be answered is this: Was the money that of Mr. Fletcher or that of the plaintiffs at the time the liens were filed?

Two statutes are involved in this action, 41 U.S.C.A. Sec. 15, which is the anti assignment statute, and R.C.W. 63.-16.030, which is the recording of assignment statute of the State of Washington.

I must determine whether the plaintiffs have established by a fair preponderance of the evidence that the United States through its officers, recognized an assignment of the contract and has in effect waived the strict provisions of the statutes involved. Defendant claims the plaintiffs in order to save the difficulties involved in negotiating a new contract and by permitting the contract to remain in the name of Frank Fletcher, are now estopped to deny that the monies were actually and in fact Fletcher's monies.

I must determine that the plaintiffs have not sustained their burden of proof. Unfortunately the plaintiffs have performed the services and since Frank Fletcher is now insolvent, they cannot recover from him. They have performed the services without a contract. They permitted the services to be performed in the name of Frank Fletcher and have presented the vouchers in the name of Frank Fletcher. They have received payments in his name and have at all times led the defendant's agents to believe that the contract with Frank Fletcher was still in full force and effect. The alternative which they chose to reject was to surrender the Fletcher contract and negotiate a new one.

I make this determination on the ground that as between Fletcher and plaintiffs, the former had the better title to the money in the hands of the defendant. The lien impounded the money due

Fletcher. The money was not due to plaintiffs.

This opinion contains a sufficient finding of facts and no additional findings need be presented. The defendant is requested to prepare and submit a judgment of dismissal.